### Charles A. Bonner, Appellee, v. Milwaukee Mechanics' Insurance Company, Appellant.

#### (Not to be reported in full.)

Appeal from the Circuit Court of Union county; the Hon. WIL-LIAM N. BUTLER, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed April 17, 1916.

### Statement of the Case.

Action by Charles A. Bonner, plaintiff, against Milwaukee Mechanics' Insurance Company, defendant, to recover on a contract of fire insurance. From a judgment for plaintiff, defendant appeals.

On May 11, 1908, at noon, defendant issued a policy of insurance to plaintiff, indemnifying plaintiff from loss or damage by fire for a period of five years, "to an amount not exceeding $750 on the following described property, while located and contained as described herein, and not elsewhere, to wit: $400 upon the one-story roof building and its additions, to be occupied as a dwelling house, situated, etc.; $100 on frame kitchen; $200 upon household and kitchen furniture and utensils, piano, etc., all while contained in the above house; $50 on frame barn." At the time plaintiff procured this insurance he was not the owner of any piano and none was in the house insured, but the word "piano" was printed in a general term in the policy. On about April 20, 1910, plaintiff contracted with Fred P. Watson for a piano for which he was to pay $200, the title to remain in Watson until the piano was paid for. Nothing was paid upon the piano. At the time of the contract Watson required plaintiff to procure an insurance policy upon this piano for $350, which he did, but the policy was made payable to plaintiff. The piano was placed in plaintiff's house. On November 26, 1912, about two

o'clock in the morning, a fire occurred and the building and property of plaintiff, including the piano above described, were destroyed.  Proofs show the loss on the building to have been $400, two trunks full of clothing $40, four suits of boys' clothes $12, one lot of women's dresses, skirts, etc., $25, one lot of men's clothing $30.  After the fire plaintiff made proofs of loss by such fire, including the items above specified, and forwarded the same to defendant.  At about the same time plaintiff made proof of loss of the piano to the American National Insurance Company.  Plaintiff afterwards instituted suit against the American National Insurance Company for the loss of the piano and when it was ascertained that he was not the owner of it, that the title was in Watson, the Company refused to pay and a compromise of the claim was effected.

It further appeared from the evidence that the plaintiff was a cripple, had only one leg, that his family consisted at that time of himself and two small children, and that at the time of the fire he took his children and went to the stable and was caring for them and failed to save any of the articles of furniture.  The defendant refused to pay plaintiff his claim or any part of it, for the reason that he procured insurance upon this piano, as claimed, in violation of the terms of his policy, that he made false statements in the making of his proofs of loss, and set the building on fire.

The policy contained the following provision:

"This entire policy shall be void   *   *   *   in case of any fraud or false swearing by the insured relating to this insurance or the subject thereof, whether before or after a loss."

"The entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if the insured now has or shall hereafter make or procure any other contract of insurance, whether

valid or not, on property covered in whole or in part by this policy * * *."

"This company shall not be liable for loss, etc., * * * or by neglect of the insured to use all reasonable means to save and preserve the property at and after a fire."

There was also another provision in the policy requiring the insured to give notice of loss, make a complete inventory and the cost of each article and to render a statement upon information and belief as to the origin of the fire, and the interest of the insured in the property, and of other insurance.

JAMES LINGLE, for appellant.

HILEMAN & CRAWFORD, for appellee.

MR. JUSTICE McBRIDE delivered the opinion of the court.

### Abstract of the Decision.

1. INSURANCE, § 668*—*when evidence insufficient to sustain finding that insured destroyed property and neglected to care for it.* In an action to recover on a fire insurance policy for the loss of a house and contents, where it appeared that the fire happened at two o'clock in the morning, that plaintiff was a one-legged man and was engaged in looking after his family during the fire, evidence *held* insufficient to sustain a finding that insured destroyed his property and neglected to care for it.

2. EVIDENCE, § 366*—*when evidence inadmissible as calling for conclusion of witness.* In an action on a fire insurance policy where the ownership of a piano covered by another policy which was placed in the house subsequent to the date of the policy, was in dispute, the sustaining of an objection to evidence as to how long plaintiff had owned the piano, *held* not erroneous.

3. APPEAL AND ERROR, § 1474*—*when question calling for conclusion of witness harmless error.* In an action to recover on a fire insurance policy, where the ownership of a piano covered by another policy and which was placed in the building owned by plaintiff after the execution of the policy sued on, was in dispute, any

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

error in asking plaintiff on cross-examination whether or not at the time the piano was insured the title was in him or in the seller, *held* harmless where the entire examination of the witness disclosed the fact that the piano was sold under a conditional sale contract.

4. INSURANCE, § 120*—*how contract of fire insurance construed.* A contract of fire insurance should not be construed so as to nullify it, if avoidable.

5. INSURANCE, § 226*—*when fire policy not forfeited by taking of additional insurance.* A fire insurance policy on a house and contents, providing that it shall be void if the insured at the time of the issuance thereof has, or thereafter procures, additional insurance "on property covered in whole or in part" by the policy should not be declared forfeited simply because the insured two years after the issuance of the policy procured insurance on a piano bought under a conditional sale contract, and to which title had not been procured at the time of the fire, especially where the piano was worth nearly twice the amount of insurance on the personal property.

6. INSURANCE, § 245*—*when forfeiture in contract not enforced.* Forfeitures in insurance contracts are regarded with disfavor and will not be enforced unless clearly within the language and spirit of the contract.